JUSTICE JIGANTI, dissenting: “MS. HALPRIN: Judge, again based on your prior ruling limited [sic] information available to us we have no challenge. THE COURT: Okay.” Later on in the proceedings: “MS. HALPRIN: Then with our apologies to the jury based on our necessarily limited information, Mr. Davis will excuse Mr. Keane and Mr. Weinstein. * * * THE COURT: This court finds the attorney for the defense herein in contempt of court in violation of the restrictions heretofore imposed and accordingly proper sanctions will be imposed upon a determination at this court what sanctions are to be imposed.” Contempt of court should be made of sterner stuff. The written order of contempt entered almost three months after this occurrence cites those two statements as wilful violations of “orders” of the court. There was in fact only one order in the proceedings leading to the finding of contempt. Earlier in the day the court stated: “The court advises and admonishes the defendant’s attorney not to make any comments with reference to any matters involving law, matters that as — have no concern to the jury. If you have any motions to be submitted, they are to be submitted upon the basis of a side bar. And no comments are to be allowed and any further comments in front of this jury in any way to pollute this jury will result in this defense attorney being found in contempt of this court period. Thank you, let’s go back out there.” The mandate of the court must be clear and the disobedience wilful before there properly may be a finding of contempt. (People v. Wilcox (1955), 5 Ill. 2d 222, 228, 125 N.E.2d 453, 456.) A party should not be put in peril of a contempt citation unless the order is definite, clear and concise in its terms. (City of Kankakee v. New York Central R.R. Co. (1944), 387 Ill. 109, 55 N.E.2d 87; see O’Leary v. Allphin (1976), 64 Ill. 2d 500, 514, 356 N.E.2d 551.) In considering the clear mandate and the proof of wilful disobedience, the court must constantly keep in mind the fact that contempt is a drastic remedy and individual liberties must be protected from abuse of the inherent power of the court to proceed with this remedy. Wilcox; People v. Loughran (1954), 2 Ill. 2d 258, 118 N.E.2d 310. In my judgment the admonition that the trial court gave, an admonition that trial courts very frequently give, is quite general. The first statement found to be contemptuous, Halprin’s acceptance of the jury panel “based on your prior ruling limited information available to us ***,” was not even considered by the court to be contemptuous because after Halprin made the statement the court merely responded “Okay.” It was only three months later when a written order was entered that Halprin was informed that this comment was contemptuous. The second comment found to be contemptuous was her apology to the jury when she excused two jurors “based on our necessarily limited information, ***.” In my estimation those two statements are very nearly identical. It was this second statement that drew the court’s ire. Halprin was exercising the delicate responsibility of excusing jurors without either offending the two jurors being excused or offending the remaining jurors. The general admonition that Haiprin was not to “pollute the jury” or to make any comments to the jury about matters “involving law” was not a clear mandate to Haiprin that the statements that she did make would be considered wilfully disobedient. The majority opinion alludes to proceedings that are not at issue in the specific proceedings on contempt. Haiprin was vigorous and persistent in her defense of her client, which was her right. (In re Dellinger (7th Cir. 1972), 461 F.2d 389; United States ex rel. Robson v. Oliver (7th Cir. 1972), 470 F.2d 10.) Indeed the proceedings in the trial court were not edifying. When she said that she did not have an idea whether the prospective jurors were of fair character and improved integrity, the court made a personal comment directed at her, “you never will.” Halprin was threatened with contempt very early in the proceedings and periodically thereafter. The court made a rather extended statement to the jury to the effect that “it [the court] will not be intimidated by anybody.” The obvious reference was to Haiprin and her vigorous defense. However, those matters have little to do with the issue at hand. Haiprin was found to be in contempt of court on July 15, 1981. The written order was entered on October 5, 1981. That order found two statements to be contemptuous. They were contemptuous because Haiprin wilfully refused to comply with the general order of the court that she was not to make any comments to the jury concerning law nor was she in any way to “pollute this jury.” I do not believe, as I previously stated, that the order was clear enough nor do I believe that the record shows that she was wilfully disobedient.